IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIGHT FALODUN, :
:
Petitioner :
: CIVIL NO. 1:10-CV-0409
:
v. : Hon. John E. Jones III
:
:
RICARDO MARTINEZ, :
:
Respondent. :

## MEMORANDUM

May 16, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Bright Falodun ("Petitioner" or "Falodun"), a federal inmate presently housed at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) At the time of filing, Falodun was confined at the United States Penitentiary Allenwood ("USP Allenwood") in White Deer, Pennsylvania.[1]

By Order dated March 11, 2010, service of the Petition was directed, and

---

[1] Because the Third Circuit has held that jurisdiction over a habeas petition is determined at the time of filing, *see Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990), we retain jurisdiction over the instant Petition and Warden Martinez remains the respondent.

Respondent was directed to answer the Petition within twenty-one (21) days. (Doc. 4.) On March 29, 2010, Respondent filed a Response arguing that this Court should dismiss Falodun's Petition because he cannot challenge his federal sentence in a § 2241 habeas petition. (Doc. 7.) Falodun filed his Reply on April 8, 2010.[2] (Doc. 8.) Accordingly, the Petition is fully briefed and ripe for disposition. For the reasons set forth herein, the Petition will be dismissed without prejudice for lack of jurisdiction.

## I. FACTUAL BACKGROUND

In its May 20, 2009 Opinion denying Falodun's Motion for Reduction of Term of Imprisonment, the United States District Court for the District of Minnesota summarized the background as to Falodun's conviction in that Court and direct appeal from his judgment of sentence as follows:

> Following a jury trial, Falodun was convicted of bank fraud, conspiracy to commit bank fraud, possession of five or more false identification documents, and possession of fifteen or more unauthorized access devices. Oct 25, 2004 Order [Docket No. 519] at 2. At sentencing on February 6, 2003, a four-level enhancement was imposed pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(a), upon the finding by the Court that Falodun was a 'leader or organizer' of

---

[2] On May 14, 2010, over one (1) month after submitting his Reply, Falodun submitted a one-page document containing various case citations. (Doc. 9.) This Court's March 11, 2010 Order directed the filing of an answer to the Petition and provided Falodun with the opportunity to file a reply brief, which he did on April 8, 2010. (*See* Doc. 4.) Because our Order did not authorize any further filings, and Falodun did not request leave of court to make any additional filings, we have not considered his May 14, 2010 filing in disposing of the instant Petition.

> a criminal activity involving five or more participants. Id. at 2-3. On direct appeal, the Eighth Circuit Court of Appeals affirmed Falodun's convictions and sentence. United States v. Falodun, 84 F. App'x 707, 709 (8th Cir. 2003). The Eighth Circuit denied Falodun's petition for rehearing en banc and issued its mandate affirming his convictions and sentence on February 2, 2004; Falodun did not petition the United States Supreme Court for a writ of certiorari. Oct. 25, 2004 Order at 3.

(Doc. 1-3, 5/20/09 Op., at 1-2.)

On September 1, 2004, Falodun filed a Motion with the sentencing court under the provisions of 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Id. at 2.) As summarized by the United States District Court for the District of Minnesota, in his Motion, Falodun argued that, under *Blakely v. Washington*, 542 U.S. 296 (2004), which had been decided on June 24, 2004, the imposition of several sentencing enhancements, including a four-level enhancement pursuant to United States Sentencing Guidelines ("USSG") § 3B1.1(a), violated his Sixth Amendment right to a jury trial because the enhancements were based on findings by the Court rather than by a jury.[3] (*Id.*; *see also United States of America v. Bright Idada Falodun*, Civil No. 0:04-CV-04014-ADM, Doc. 2, 10/25/04 Memo. Op. and Order

---

[3] In *Blakely*, the United States Supreme Court held that a Washington state sentencing scheme which allowed the sentencing judge, rather than the jury, to make a pertinent sentencing finding, violated the Sixth Amendment because it deprived the defendant of his constitutional right to a jury trial determination. 542 U.S. 296.

3

denying § 2255 Mot.[4])

In denying his Motion, the District Court first observed that it had not been established that *Blakely*'s rationale applies to the USSG inasmuch as in *Blakely*, the Supreme Court only addressed the constitutionality of the State of Washington's sentencing guidelines, and expressed no opinion as to whether *Blakely*'s reasoning applied to the USSG. (*See US v. Falodun,* Civil No. 0:04-CV-04014-AD, Doc. 2 at 4.[5]) The Court then concluded that, even if *Blakely*'s holding were to apply to the USSG, *Blakely* would not apply retroactively to matters on collateral review, and the Court therefore denied Falodun's § 2255 motion. (*See id.* at 4-6.)

The District Court subsequently granted Falodun's application for a certificate of appealability in light of the fact that the Eighth Circuit had not yet directly ruled on the issue of whether *Blakely* is retroactively applicable on collateral review. (*See* Doc. 1-3 at 2.) However, the Eighth Circuit summarily affirmed the denial of Falodun's § 2255 Motion and dismissed his appeal. (*See id.*)

On February 27, 2009, Falodun filed a Motion for Reduction of Term of Imprisonment, which the United States District Court for the District of Minnesota construed as having been filed under the provisions of 18 U.S.C. § 3582(c). (*See id.*)

---

[4]*See* United States District Court for the District of Minnesota, Civil Docket, available at http://www.pacer.gov.

[5]*See supra* note 4.

In his Motion, Falodun argued that there was insufficient evidence to support the four-level enhancement to his sentence pursuant to USSG § 3B1.1(a) for being a leader or organizer of a criminal activity. (*See id.*) The sentencing court determined that Falodun's Motion did not fall within any of the narrow circumstances under which a District Court may reduce a sentence under 18 U.S.C. § 3582(c). (*See id.* at 3-4.) The Court further found that, "[t]o the extent that Falodun's Motion could be construed as a challenge based on Blakely to the imposition of the four-level enhancement- an issue that was raised and rejected in Falodun's 2255 Motion filed in September 2004- such a challenge likewise is not cognizable under § 3582(c)." (*See id.* (citing *United States v. Olivares*, 162 F. App'x. 368, 369 (5th Cir. 2006).) The Court further explained that, even if Falodun's Motion were viewed as one filed under the provisions of § 2255, his claim would not be cognizable in that context because he previously had filed a § 2255 motion, and thus the Court could not entertain a second or successive § 2255 motion without pre-approval by the appropriate circuit court of appeals. (*See id.* (citing 28 U.S.C. § 2255(h), § 2244(b)(3).) The Court therefore denied Falodun's Motion. (*See id.* at 4-5.)

Falodun filed the instant Petition on February 24, 2010 in which he again challenges his sentence on the basis that the sentencing court's application of a four-level enhancement to his sentence pursuant to USSG § 3B1.1(a) for being a leader of

a criminal activity was improper because the Government admitted a lack of evidence for that charge, and therefore he is "actually innocent" of that charge. (*See* Doc. 1 at 3-5.) He claims that a Motion under § 2255 is "inadequate and ineffective for dealing with miscarriages of justice such as actual innocence" and he therefore is entitled to habeas relief through the instant § 2241 petition. (*See id.* at 4.)

## II. DISCUSSION

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Motions filed pursuant to § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 693 (3d Cir. 1954).

Habeas relief under 28 U.S.C. § 2241 only is available if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."

*Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[6] *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251); *see also Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

In the instant case, Falodun argues in his reply brief that the Government has misconstrued his claim in that he is not claiming that what the jury found him guilty of was not criminal, but rather that "he was sentenced to a criminal fact the jury did

---

[6]The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255) brought the significant change that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest. Another change is that a second or successive § 2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. § 2255; *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997); *see also Tyler v. Cain*, 533 U.S. 656, 661 (2001).

not find him guilty of", namely the four point enhancement to his sentence pursuant to USSG § 3B1.1(a) for being the leader or organizer of a criminal activity. (*See* Doc. 8 at 3-4.) He claims that the sentencing court's denial of his § 2255 motion on the basis that *Blakely* does not have retroactive application made § 2255 an "inadequate and ineffective" remedy because *Blakely* "represented a new rule of statutory construction that was made unavailable at the time Falodun filed his first 2255." (*See id.* at 4.)

Falodun's arguments lack merit. He already has advanced the claims he sets forth in the instant Petition in his § 2255 Motion and in his Motion for Reduction of Sentence filed with the sentencing court, and he was denied relief. As stated by the *Cradle* Court, the mere denial of relief by the sentencing court in disposing of a § 2255 motion does not make it an inadequate or ineffective remedy. *Cradle*, 290 F.3d at 539. Moreover, where Falodun plainly admits that the underlying conduct for which he was convicted has not been rendered noncriminal, but instead claims actual innocence of his sentence enhancement, the *Dorsainvil* exception does not apply so as to allow him to obtain relief under § 2241. *See In re Dorsainvil*, 119 F.3d at 251. To the extent that Falodun is arguing that § 2255 is inadequate and ineffective because the sentencing court erred in determining that *Blakely* does not have retroactive application on collateral review, both the Eighth Circuit Court of Appeals, which is

the Circuit in which the sentencing court is located, and the Third Circuit Court of Appeals, which is the Circuit in which this Court is located, have held that *Blakely* does not apply retroactively to convictions or sentences on collateral review. *See United States v. Stoltz*, 149 Fed. Appx. 567 (8th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005); *In re Olopade*, 403 F.3d 159, 160 n.1 (3d Cir. 2005).

Based on the foregoing reasoning, we lack jurisdiction to entertain the instant Petition and therefore must dismiss it. However, dismissal is without prejudice to Falodun's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence. An appropriate Order will enter on today's date.